UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 2:12-241 WBS |
| Plaintiff, | ORDER RE: MOTION TO DISMISS |
| v. | |
| KEITH LAMONT SMITH, and RAYMELL LAMAR EASON, | |
| Defendants. | |

----oo0oo----

After entering a plea of guilty and while represented by counsel, defendant Raymell Lamar Eason, acting pro se, filed a motion to dismiss the Superseding Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(2). Not only is defendant's motion untimely, see United States v. Garcia-Valenzuela, 232 F.3d 1003, 1005 (9th Cir. 2000), it is also improper because he is represented by counsel and has not waived his Sixth Amendment right to counsel, see United States v. Halbert, 640 F.2d 1000, 1009 (9th Cir. 1981); United States v. Kienenberger, 13 F.3d

1

1354, 1356 (9th Cir. 1994). Nonetheless, while the court could deny defendant's motion for either of these two reasons, the court has reviewed the substance of defendant's motion and concludes that defendant's motion should be denied on the merits as well.

First, defendant moves to dismiss the Superseding Indictment on the ground that "[t]he court is without jurisdiction because the offense, if any, is cognizable only in the judicial territory of the state of California." (Docket No. 40 at 2.) A defendant undeniably "has a constitutional right to be tried in the State and district where his alleged crime was 'committed.'" United States v. Rodriguez-Moreno, 526 U.S. 275, 285 (1999) (citing U.S. Const., Art. III, § 2, cl. 3; amdt. 6). Here, the Superseding Indictment charges defendant with conspiracy to commit robbery and attempted robbery of a Wal-Mart located at 6051 Florin Road in Sacramento, California. Sacramento is within the Eastern District of California, and thus defendant was properly charged in this court.

Second, defendant contends that "[t]he indictment does not state facts sufficient to constitute an offense against the United States." (Docket No. 40 at 2-3.) "'An indictment must provide the essential facts necessary to apprise a defendant of the crime charged; it need not specify the theories or evidence upon which the government will rely to prove those facts.'" United States v. Mancuso, 718 F.3d 780, 790 (9th Cir. 2013) (quoting United States v. Cochrane, 985 F.2d 1027, 1031 (9th Cir. 1993)). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those

words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" Hamling v. United States, 418 U.S. 87, 117 (1974) (quoting United States v. Carll, 105 U.S. 611, 612 (1882)). Here, not only do both counts in the Superseding Indictment use the language of § 1951, they also specifically describe the date, location, and manner in which the alleged robbery occurred. The court therefore finds the Superseding Indictment sufficient to apprise defendant of the crimes charged.

Third, defendant seeks dismissal of the Superseding Indictment because it "lacks probable cause for the charges alleged." (Docket No. 40 at 3.) However, "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence . . . ." United States v. Calandra, 414 U.S. 338, 345 (1974); accord United States v. Renzi, 651 F.3d 1012, 1027 (9th Cir. 2011). "The well-established rule is that an indictment, regular on its face, returned by a legally constituted and unbiased Grand Jury is presumed to be founded on competent evidence." Martin v. United States, 335 F.2d 945, 949 (9th Cir. 1964). Here, the Superseding Indictment is valid on its face and thus defendant's version of the evidence could have been evaluated at trial, not on a motion to dismiss the Superseding Indictment.

Fourth, defendant argues that the "Government overreached in the Superseding Indictment [by] charging the defendant with robbery and attempted robbery under 18 U.S.C. §

3

1951(a)." Count One of the Superseding Indictment charges defendant with conspiracy to commit robbery and Count Two charges him with attempted robbery. (Docket No. 22.) "It is established that attempts where prohibited in the statute are prosecuted and punished as substantive crimes separate and apart from the offense of conspiracy." United States v. Anderson, 651 F.2d 375, 378 (5th Cir. 1981); see also United States v. Huber, 772 F.2d 585, 591 (9th Cir. 1985) ("The double jeopardy clause does not prohibit prosecution for both conspiracy and a substantive offense based upon the same conduct."). Section 1951 expressly prohibits robbery, conspiracy to commit robbery, and attempted robbery; thus the Government properly charged the defendant with conspiracy to commit robbery and attempted robbery as separate crimes. See 18 U.S.C. § 1951(a) ("Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do . . . ." (emphasis added)).

Fifth, defendant contends that the Superseding Indictment should be dismissed because the prosecutor engaged in misconduct during the grand jury proceedings by knowingly presenting false evidence. "An indictment may be dismissed for prosecutorial misconduct only upon a showing of 'flagrant error' that significantly infringes on the ability of the grand jury to exercise independent judgment and actually prejudices the defendant." United States v. Larrazolo, 869 F.2d 1354, 1357 (9th Cir. 1989); see also United States v. Buffington, 815 F.2d 1292, 1304 (9th Cir. 1987) (defendant challenging a facially valid indictment "faces a heavy burden"). Dismissal based on perjured

4

testimony is appropriate "only in a flagrant case, and perhaps only where knowing perjury, relating to a material matter, has been presented to the grand jury." United States v. Kennedy, 564 F.2d 1329, 1338 (9th Cir. 1977).

Here, defendant contends the Government knowingly submitted perjured testimony because the Superseding Indictment charges that defendant conspired and attempted to commit robbery, but defendant did not actually take any money. Defendant does not argue that any of the grand jury witnesses testified that defendant took money. Defendant submits evidence showing only that the grand jury did not learn that one witness stated he did not see the suspect "go for the bag containing currency" and that the witness who identified defendant in the line-up did not indicate that the line-up occurred one month after the alleged incident. (See Docket No. 40 at 6-7.)

This type of evidence presents the precise "minitrial" that Ninth Circuit has advised should be avoided in a motion to dismiss a facially valid indictment. See Kennedy, 564 F.2d at 1338. "[D]ismissal of the indictment is not warranted when a witness' alleged perjury is not material to the defendant's indictment and instead affects only the witness' credibility." United States v. Spillone, 879 F.2d 514, 524 (9th Cir. 1989). Defendant has therefore failed to overcome the heavy burden necessary for the court to dismiss a facially valid indictment based on prosecutorial misconduct.

Accordingly, because none of the grounds urged for dismissal of the Superseding Indictment have merit, the court must deny the motion.

IT IS THEREFORE ORDERED that defendant's motion to dismiss the Superseding Indictment pursuant to Rule 12(b)(2) be, and the same hereby is, DENIED.

Dated: November 13, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE